Reita Leone MICHALSKI, Appellant,

v.

James Jerome MICHALSKI, Respondent.

No. 39145.

Missouri Court of Appeals,
St. Louis District.

Dec. 5, 1978.

Gordon F. Webb, Clayton, for appellant.

Charles E. Roth, Clayton, for respondent.

PER CURIAM.

This is the second appeal of this child custody modification case. The first appeal

resulted in dismissal of the appeal as being based on an interlocutory, nonappealable order. *In re Marriage of Michalski*, 542 S.W.2d 96 (Mo.App.1976). The facts are fully recited in the first case and need not be repeated here.

■ On remand and after hearing, the trial court rendered an order entitled "Findings of Fact, Conclusions of Law, Judgment and Decree" in which it expressed its displeasure at having the cause remanded back to it. In its order the trial court complains of having been placed in the difficult position of having to make a decision in a difficult case and berates this court for an "Ivory Towered" attitude in not making the decision for the trial court, implying that we have shirked our responsibilities in refusing to exercise jurisdiction which we obviously do not have. While we are flattered that the trial court believes we have the ability to solve problems beyond its capacity, we are, after all, only an appellate court. As such, it is our duty to review cases *properly* before us to determine whether error has been committed. We do not perceive our function, nor do we believe the trial bench generally perceives our function, to be that of an adviser or surrogate to trial judges with difficult decisions to make. Our respect for the trial judges of this State is too great to indulge in such notions.

1. The trial court's order reads:
   "The parties appeared before the Court and the only additional evidence offered to the Court was the deposition of the mother of the children taken in Canada. The father of the children was not represented at the deposition. The record does not disclose many additional facts but the lawyers and the parties have 'advised' the Court of and the Court believes these additional facts to be true.
   At the outset the parties chose to accept the order of this Court as a final order. The father of the children had custody of all three of the minor children here in St. Louis County. In accordance with the Court's order, he sent the children to visit their mother in Canada for the summer. In compliance with the Court's order the mother had deposited a bond to guarantee the return of the children. The mother of the children refused to return the two youngest children at the end of the summer and the father has not seen these two children.

■ But, alas, the trial court here has again either overlooked, misunderstood or ignored the direct and clear edict of the first Michalski appeal, which said in plain language:

"We hold that the order is not an appealable one. The order is a declaration of the action which the trial court intended to take upon the occurrence of one of several contingencies transpiring in the future and of necessity would require a further order when the particular contingency transpired. The general principle is that a judgment must be sufficiently fixed and certain in its terms to be susceptible of the enforcement in a manner provided by law and after thirty days becomes fixed and beyond the reach of the trial court to change, amend or modify." *In re Marriage of Michalski*, id at 99.

After denying child support for the children, the trial court in its order on remand, concludes with a declaration of action which it intends to take upon the occurrence of at least two contingencies transpiring in the future and requiring further order on the happening of the contingencies. The trial court's order is clearly an interlocutory, nonappealable order.[1] *In re Marriage of Michalski*, supra.

Appeal dismissed.

All judges concur.

The Missouri Court of Appeals, St. Louis District, which refused to address itself to any of the issues raised by the parties, or to try to solve any of the family's real life problems, places the trial court in a position of having to make an impossible decision. The appellate court dismissing the appeal for failure to appeal from a final order is an Ivory Towered approach to deciding a case and yet at the same time making no decision on the issues raised.
This Court could find that the best interest of the children would be with their natural father here in Missouri. Because the children are in Canada and no United States judge has any power to enforce his orders outside the continental limits of the United States this would be a useless order. This is particularly true when the mother of the children has refused, to this point, to permit visitation or temporary custody of the two youngest children with their father.

The other horn of the impossibility is that the Court could grant the custody of the children to the natural mother, but in doing this, the Court would be condoning a deliberate act of the natural mother in refusing to return the children or to permit the natural father to have custody.

If the trial judge has no 'practical' way to enforce his orders relating to the welfare of the children, why should he write an order?

A bond, or waiver of extradition upon capias of the trial judge, are about the only two alternatives available to a trial court.

The Court previously found that both the natural parents were conscientious, capable parents. There can be no greater frustration for a parent who is sincere to be deprived of the love, the companionship, and the physical presence of his or her children. The appellate court seems to be reluctant to address this issue.

This Court will grant custody of the oldest child, James Jeffrey Michalski, to the natural father. This Court will grant custody of the two youngest children, Felicia Louise Michalski and David Joseph Michalski, to the natural mother.

This Court believes the law to be that there is *no absolute duty* on the part of the natural father to support the children. The new law makes it his primary responsibility. This Court will order no support money payments by either of the natural parents for children in the custody of the other parent. Costs to Petitioner.

This order will remain in effect until the natural mother presents herself to this Court and presents to the Court a plan whereby the children of the parties can have the companionship of each other and the companionship of their natural parents at which time the Court may order *child support payments. This Court is* not vindicative, or so imbued with the power of its office that it is trying to get the parties to return to the jurisdiction with contempt proceedings in mind, but this Court sincerely feels that brothers and sisters should have the opportunity for companionship and children should have the companionship of both their parents and vice versa."