**In re MARRIAGE OF Reita Leone MICHALSKI (Marshall), Plaintiff-Petitioner,**

**and**

**James Jerome Michalski, Defendant-Respondent.**

**No. 37169.**

Missouri Court of Appeals, St. Louis District, Division Three.

Oct. 5, 1976.

Gordon F. Webb, Clayton, for plaintiff-petitioner.

Charles E. Roth, Clayton, for defendant-respondent.

KELLY, Presiding Judge.

This appeal from an order of the Circuit Court of St. Louis County was entered on May 19, 1975 after a hearing on motions to modify the child custody provisions of a divorce decree filed by both the natural mother and father, plaintiff and defendant respectively in the original divorce suit. For reasons hereinafter stated we dismiss the appeal.

The divorce decree was entered in the Circuit Court of St. Louis County on February 25, 1972, and in addition to granting a divorce to the plaintiff, Reita Leone Michalski, awarded her custody of the three minor children of the marriage subject to certain specified rights of visitation and temporary custody awarded to the defendant, James Jerome Michalski. An order for the payment of support money for the minor children was also granted plaintiff and this amount was subsequently increased by an amendment to the judgment in the divorce case on December 5, 1973, from $30.00 per week per child to $35.00 per week per child and the defendant was further ordered to pay the cost of orthodontic treatment for one of the minor children.

Subsequent to the granting of the divorce decree, plaintiff married Alden Marshall on June 22, 1974. Defendant also remarried.

On December 9, 1974, plaintiff filed a motion for modification of the divorce decree as amended on the ground that her husband's employment had been terminated and for him to continue in the employment of a subsidiary corporation of his employer he was being transferred to Pittsburgh, Pennsylvania, she prayed the trial court to grant her permission to remove her children from the state of Missouri.

Defendant responded by filing his own motion to modify on January 14, 1975, praying that the trial court modify the divorce decree by ordering that the custody of the three minor children be transferred to him. The grounds for this motion were that the appellant was an unfit person to have custody of the children and the removal of the children from the state of Missouri as prayed in plaintiff's motion to modify would not be in the best interests of the children. Defendant also filed an "answer" to plaintiff's motion to modify which was essentially a general denial of the allegations contained therein.

A hearing on both of these motions was conducted on May 15, 1975, and on May 19, 1975, the trial court filed its "Findings of Fact, Conclusions of Law, Judgment and Decree" whereby it found that the oldest child had indicated his preference to live with his father and that the other two younger children expressed no preference as to which parent they desired to live with. The trial court further found as a fact that the parties entered into a mutual agreement at the time of the divorce that the children would not be taken out of the state of Missouri and the St. Louis Metropolitan area; that both parents were competent to take care of and maintain the children and that the request to remove the children

from the continental limits of the United States [1] would not be in the best interest of the children for the reason that the children would be deprived of the companionship and parental guidance of the natural father. The trial court further found that the new community where the children would be located if permitted to leave the continental limits of the United States did not have well established schools and that the rigors of the adverse climactic conditions would not be conducive to the welfare of the children. The court further found that both movants treated each other from the time of the divorce with mutual contempt, and that neither one of them communicated with the other and that this is detrimental to the best interest of the children and that certain behavior of the children were normal incidents in the course of growing children.

As Conclusions of Law the trial court further found that the contract entered into between the parties as a stipulation at the time of the divorce was a good and valid contract and binding on the parties, and, as a matter of law, that the best interests of the children would be served by them remaining in the St. Louis metropolitan area during the school year.

The "Judgment and Decree" reads as follows:

"The Court *will order* that *in the event the Marshalls decide to accept the job in* Canada for United States Steel, Canadian Subsidary, *they shall have* the custody of the three minor children during the summer months of June, July and August. That the three minor children *shall then* be returned to the custody of the natural father, James Jerome Michalski, and he *shall have* the custody of the three minor children from September 1, 1975, to June 1, 1976. The Court *will* cancel any obligations on the part of the natural father to pay support to his former wife, Reita Leona Marshall, during the period of time that he has legal and physical custody

from September to June. That the child support payments during the summer months of June, July and August will remain the same as they currently are. "That *in the event* the Marshalls *do not decide* to accept the employment opportunity offered in Canada, Reita Leona Marshall *shall have* the care and custody of the three minor children under the same conditions that have existed heretofore. *In the event* that the Marshalls *accept* some other job requiring them to leave the jurisdiction of the State of Missouri, the legal and physical custody and care of the oldest child, James Jeffrey Michalski, *will be* in the natural father, James Jerome Michalski. *The Court reserves any ruling as to the two minor children,* Felicia Louise and David Joseph, *being removed* from the jurisdiction of the State of Missouri upon the obtaining of a new job by Mr. Marshall outside the jurisdiction of the Court to determine whether it would be in the best interest of those two minor children to leave the jurisdiction of the State of Missouri. *The Court will order* that the children remain in the jurisdiction of the State of Missouri and this Court until the petitioners, Reita Leona Marshall and Alden Marshall, post a bond for $10,000.00 conditioned upon the return of all three children to the natural father *in the event* they agree to *accept* the employment offered by United States Steel, Canadian Subsidiary. If the minor children *are removed* from the jurisdiction to Canada the cost of the return flight in 1975 will be paid by the respondent, James Jerome Michalski, and he will be required to pay one half of the transportation costs for so long as the children are in Canada." (Emphasis supplied).

Thereafter, on May 21, 1975, a memorandum was filed of record which reads:

"Plaintiff's bond with surety filed and approved. Bond together with Certificate of Deposit ordered to be deposited in

---

1. Between the time of the filing of the plaintiff's motion to modify and the date of the hearing it had been determined that the job

offered to Mr. Marshall would be in Canada and not in Pittsburgh, Pennsylvania, as alleged in the motion.

Court and held therein until further order. Petitioner and her present husband, ALDEN MARSHALL, granted leave to take the three children to Canada with them effective May 23, 1975, to permit children to be escorted during the first summer trip. Letter from St. Louis Teachers Credit Union filed."

On May 30, 1975, appellant filed her notice of appeal "from the order entered in this action on *the 19 (sic) day of May, 1975.*" (Emphasis supplied).

 Appellant's notice of appeal is an attempt to perfect an appeal from the order of May 19, 1975. We hold that the order is not an appealable one. The order is a declaration of the action which the trial court intended to take upon the occurrence of one of several contingencies transpiring in the future and of necessity would require a further order when the particular contingency transpired. The general principle is that a judgment must be sufficiently fixed and certain in its terms to be susceptible of enforcement in a manner provided by law and after thirty days becomes fixed and beyond the reach of the trial court to change, amend or modify. Cf. *Thompson v. Hodge,* 348 S.W.2d 11, 13 (Mo.App.1961); *Taylor v. Taylor,* 367 S.W.2d 58, 62 (Mo. App.1963). At most the order herein is an interlocutory one not subject to appeal. *Thompson v. Hodge,* supra, 348 S.W.2d at 13.

The resolution we make does not preclude the parties from pursuing further remedies. Further proceedings may well be more enlightening because of the passage of time and the experience of the parties during the past year.

Appeal dismissed.

SIMEONE and GUNN, JJ., concur.