**Dennis DORRIS, Appellant,**

v.

**Myra Kay DORRIS (Severit), Respondent.**

**No. 43531.**

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 22, 1981.

Rebecca McDowell Cook, Cape Girardeau, for appellant.

Thomas L. Arnold, Benton, for respondent.

REINHARD, Judge.

Husband appeals from an order modifying the child custody provision of a dissolution decree.

The marriage was dissolved on the 24th of September, 1979. Custody of the only child, a boy who was then two years old, was given to husband, with temporary custody given to wife. This arrangement was agreed to by the parties. At the time of the dissolution, wife was a Marine Drill Sergeant at Parris Island, South Carolina. Husband, a former Marine, was a student at Southeast Missouri State University in Cape Girardeau.

Wife filed a motion to modify alleging a change of circumstances and asking that general custody be awarded to her. At the hearing held on August 20, 1980, the evidence revealed that both parties had remarried. Wife married a Marine and they both lived near Parris Island. Her prospects were that she would in the future be assigned overseas. Husband had rejoined the Marines and was stationed in Okinawa. He believed his tour in Okinawa would last until March, 1981. The child had been liv-

ing with wife's parents, who live in Scott City, Missouri, ever since husband was assigned overseas.

The court found a change in circumstances and entered the following order:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the decree heretofore entered in this cause of September 24, 1979, be amended to provide that respondent, Myra Kay Severit, shall have custody of Randy Leah Dorris from this date until April 1, 1981, that Dennis Dorris have custody of Randy Leah Dorris from April 1, 1981 to October 1, 1981, and that thereafter Myra Kay Severit shall have custody of said child from October 1 to April 1 of each year, and Dennis Dorris shall have custody of said child from April 1 to October 1 of each year, *until August 15, 1983, at which time both parties are ordered to return to this Court for a further decision as to the custody of said child.* (emphasis ours)

On appeal, husband contends that wife did not sustain her burden of proof as to a change of circumstances and if so did not show that it was in the best interest of the child to transfer custody.

Section 452.410, RSMo. 1978 provides:

The court shall not modify a prior custody decree unless it has jurisdiction under the provisions of section 452.450 and it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

■ Furthermore, the change of circumstances of the child or custodian must be significant before a child custody decree may be modified. *Smead v. Allen*, 581 S.W.2d 93, 94 (Mo.App.1979).

[2] Here the evidence of the remarriage of both parents and husband's re-entry into the Marine Corps and transfer to Okinawa was evidence of a significant change of circumstances warranting a modification. In light of the uncertainty of the present and future assignment of the parents, the trial court made a commendable attempt to fashion an order which would give the child a relationship with both parents until he reached school age (August, 1983).

■ Nevertheless, the order is not a final appealable order because of the italicized portion quoted above, requiring the parties to return in 1983 for a further order of custody. As we said in the case of *In Re Marriage of Michalski*, 542 S.W.2d 96 (Mo. App.1976) in determining that the order there was not final:

We hold that the order is not an appealable one. The order is a declaration of the action which the trial court intended to take upon the occurrence of one of several contingencies transpiring in the future and of necessity would require a further order when the particular contingency transpired.

*Id.* at 99.

In the case of *Green v. Green*, 240 S.W.2d 741 (Mo.App.1951) we held that the court in a divorce decree "should make an award of custody which would be permanent and final unless properly modified on a subsequent motion of either party." *Id.* at 742. We feel the same is true under the present Dissolution of Marriage Act. Normally the parties to a dissolution or modification in which the custody of children is at issue are entitled to a permanent and final order of custody, from which an appeal can be properly taken.[1] The decree here would by its own terms last three years and would then require a further order. Under the circumstances we feel that is too long a time to be without a final appealable order of custody.

Appeal dismissed.

CRIST, P.J., and SNYDER, J., concur.

---

1. Our ruling here is not intended to indicate that prior to the entry of a permanent order of custody a court cannot, under unusual circumstances, enter a temporary order so that a further hearing can be held and additional evidence be taken. *See State ex rel. McKenzie v. LaDriere*, 294 S.W.2d 610 (Mo.App.1956).