David Lee HALDEMAN, Appellant,

v.

Alicia HALDEMAN, Respondent.

No. 48633.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 11, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 5, 1985.

Robin Edward Fulton, Fredericktown, for appellant.

William Gerald Reeves, Farmington, for respondent.

REINHARD, Chief Judge.

Husband and wife appeal from a decree dissolving their marriage. In addition, husband appeals from the court's order awarding wife attorney's fees pending appeal. All appeals have been consolidated. The decree apportioned items of separate property, divided marital property, awarded "rehabilitative maintenance" to wife, and purported to determine the custody of the parties' two children. We dismiss the cross-appeals because of the lack of a final judgment, and affirm the award of fees.

The parties were married in March 1979. Husband is a staff sergeant in the United States Air Force, stationed in Spain. Wife is a Spanish national, who, at the time of trial, did not have a residence in the United States. The children were residing with husband's mother, their paternal grandmother, in Farmington, having been brought there by husband, without wife's consent, from their home in Spain in October 1982.

The focus of our inquiry is the custody provision of the decree. That provision states:

[Wife] shall be awarded primary custody, care and control of the minor children; [Husband] shall immediately transfer physical custody of said minor children to [Wife] at such time as [Wife] shall permanently relocate within the United States, said transfer to be made to [Wife] at her place of residence within the United States, at [Husband's] expense.

Husband argues that this provision is invalid because its effect is to grant him primary custody of the children, with a change of custody to take place upon the occurrence of a contingent future event.[1] This kind of order has been held to be improper because it improperly predetermines what would constitute a significant change in circumstances to justify a change in custody. See In re Marriage of Dusing, 654 S.W.2d 938 (Mo.App.1983); NKM v. LEM, 606 S.W.2d 179, 183 (Mo.App.1980).

We agree that the effect of this provision is to allow the children to remain in the custody of husband's mother until wife establishes a permanent residence in the United States. However, we disagree with husband's assertion that this grants him the primary custody of the children. Rather, it raises a question as to the finality of the decree.

To be appealable, a decree must dispose of all issues raised in the action. Green v. Green, 240 S.W.2d 741 (Mo.App. 1951). This disposition must include an award of custody where that is in issue. Id. Where further judicial proceedings are necessary, the decree is not final and the appeal must be dismissed. Dorris v. Dorris, 623 S.W.2d 47 (Mo.App.1981).

The quoted portion of the decree purports to make a final determination of custody. That determination was conditioned, however, on the occurrence of a future contingency. The custody of the children before that must necessarily be temporary. Therefore, to the extent that the decree allows the children to remain in the custody of their grandmother, it is a decree of temporary custody, which is not appealable. See Dorris v. Dorris, 623 S.W.2d at 48. In addition, although the court may not have contemplated further

---

1. After consolidation of the cross-appeals, wife did not file an appellant's brief. From her statement of issues filed pursuant to Local Rule A.01 it appears that she intended to raise issues dealing only with the custody provisions of the decree. In light of our disposition, we need not address her appeal separately.

**572**

proceedings, the question of whether wife established a permanent residence in this country may well require a judicial determination. This, too, indicates a lack of finality. Finally, a question remains as to the custody of the children in the event wife does not establish a residence here. Although the decree is silent on this question, it is clear that if she fails to establish a residence, there would be no permanent custody order. The lack of an order covering this contingency further supports our conclusion that additional proceedings are necessary, and that the decree is not final.

■ We now consider whether the lack of finality of the custody provision precludes our review of the entire decree. As we noted earlier, a final decree should finally dispose of all issues before the trial court. Here the decree failed to do so. Therefore, the decree is not final. The lack of finality of one issue is fatal to the appealability of all questions raised by the appeal from the decree. *In re Marriage of Wineland*, 609 S.W.2d 464, 467 (Mo.App. 1980).

■ The appeal from the court's award of attorney's fees and suit monies pending appeal stands on a different footing, however. Orders on motions for costs and expenses pendente lite are separate judgments from which appeals may be taken. *Dardick v. Dardick*, 661 S.W.2d 538, 540 (Mo.App.1983). Thus, although the underlying appeal was improvidently taken, the award of fees and costs pending that appeal is properly before us. We have examined the record and under the standard set out in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) we determine that the award of fees must be affirmed.

The appeals from the decree of dissolution are dismissed. The order granting attorney's fees and costs pending appeal is affirmed.

DOWD, CRIST and KAROHL, JJ., concur.