**In re the Marriage of Randall TETZNER, Respondent,**

v.

**Lauren M. TETZNER (Wingate), Appellant.**

**No. WD 45018.**

Missouri Court of Appeals, Western District.

May 12, 1992.

Ralph G. Gore, Independence, for appellant.

Party acting pro se.

Before HANNA, P.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Lauren M. Tetzner (now Wingate), appeals an amended decree of dissolution of her marriage to Randall Tetzner.

The parties were married January 7, 1985. Two children were born of the marriage, Tanya, born July 15, 1986, and Amber, born August 31, 1988. The original decree of dissolution was entered on June 26, 1990. Ms. Tetzner was granted custody of the daughters and Mr. Tetzner was awarded supervised visitation. The provision for supervised visitation arose out of testimony, adduced at the hearing in the dissolution proceeding, concerning a prior court proceeding in which Mr. Tetzner was found to have abused another daughter, not a child of this marriage.

With respect to the award of supervised visitation, the trial court found "that [Mr. Tetzner] should have contact with his children, but that said contact should be restricted and supervised to protect the physical and emotional well being of the children." The decree provided that visitation with Mr. Tetzner would be under the supervision of a psychologist beginning June 30, 1990. The trial court provided that the order for visitation would be a temporary

order and directed the parties to return to court on September 5, 1990, for further consideration of visitation, at which time the supervising psychologist was to provide a written report to the court. The hearing could not be held on September 5, 1990, and took place on June 21, 1991.

An amended decree of dissolution was entered on June 24, 1991, which set forth specific rights of visitation and removed the requirement of supervised visitation.

Ms. Tetzner presents two points on appeal from the amended decree, the first of which is dispositive herein. She argues that the trial court erred in entering the amended decree because it was without jurisdiction to do so, in that jurisdiction cannot be retained for more than thirty days past the entry of the original decree. This court agrees.

The Missouri Supreme Court case of *Lacher v. Lacher*, 785 S.W.2d 78 (Mo. banc 1990), is controlling. In *Lacher*, the trial court had purported to retain jurisdiction over the issues of the amount of child support and maintenance for a period of six months because Mr. Lacher was unemployed at the time the original decree was entered. The Missouri Supreme Court found the original decree of dissolution entered April 28, 1988, to be final and appealable, such that the trial court lost its jurisdiction at the expiration of the thirty day period and the attempt to retain jurisdiction to be ineffective. *Id.* at 81. *See also, Snyder v. Snyder*, 788 S.W.2d 339 (Mo. App.1990). The court noted further that "[t]he decree divides all the property of the marriage, awards custody of the children and establishes a visitation schedule, makes a specific and enforceable award of support and provides for a specific and enforceable maintenance payment, ..." *Id.* Where there is nothing left to adjudicate, that is, where "[t]he controversy is adjudicated to its conclusion and execution may issue in the event of the failure of either party to perform the obligation imposed by the decree," the judgment of the trial court is final and appealable. *Id.*

Such is the case herein. The record reflects that the decree of June 26, 1990, is final in that it divides all property of the marriage, awards custody of the children and establishes a visitation schedule. It also makes a specific and enforceable award of child support. The trial court left nothing to adjudicate. Thus, pursuant to the holding of *Lacher*, which this court is constrained to follow, the dissolution decree entered by the trial court on June 26, 1990, was a final and appealable judgment causing the trial court to lose jurisdiction at the expiration of thirty days past said date. There exists no lawful method which authorizes a trial court to 'hold in abeyance' a judgment which has become final. *Id.* at 80 (citation omitted). The proper method for modifying the original decree is by way of a motion to modify pursuant to § 452.400, RSMo 1986. Because the trial court was without jurisdiction to enter the amended decree on June 24, 1991, this court is likewise without jurisdiction on appeal and therefore, the appeal is dismissed.

All concur.