**In re Helen Maxine TANT and John Joseph Tant, Debtors.**

No. 93–30087.

United States Bankruptcy Court, W.D. Missouri.

June 7, 1993.

John J. Podleski, Carthage, MO, for debtors.

Robert A. Pummill, Barker, Rubin & Pummill, P.C., Kansas City, MO, for creditor.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Debtors object to the proof of claim of Helen Tant's former husband, Joseph Francis, and Mr. Francis objects to the confirmation of debtors Chapter 13 plan for its failure to address his claim. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (L) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). For the reasons set forth below, I find that debtors' objection to the claim of creditor, Joseph Francis, is overruled and, therefore, confirmation of the debtors' Chapter 13 plan is denied pending an amendment of said plan to provide for this claim.

## FACTUAL BACKGROUND

Debtor Helen Maxine Tant ("Debtor") was married to creditor Joseph Francis until January 8, 1981. At that time the marriage was dissolved by decree in the Circuit Court of Vernon County, Missouri. The separation agreement, incorporated by reference into the dissolution decree, provides that "[w]ife will execute a promissory note in the amount of $12,500.00 due ten years after the date of this agreement without interest, and will secure the same by a Deed of Trust subordinate to the existing mortgage upon said residence. The note shall provide that if the wife sells the prop-

erty prior to maturity the note shall become immediately due and payable." Separation Agreement, Exhibit A ¶ 1. No action was taken on this judgment until January 4, 1993, when debtors received a Request for Execution filed in December of 1992. Debtors then filed a Petition to Quash Execution and Levy on January 19, 1993. On February 2, 1993, the Honorable Gerald D. McBeth, Judge of the Circuit Court of Vernon County, Missouri, rendered a judgment overruling the Petition to Quash Execution and Levy. Judge McBeth found that Mrs. Tant failed to execute the deed of trust as ordered by the Circuit Court in the dissolution decree of January 8, 1981, and that such failure gave rise to a money judgment enforceable beginning January 8, 1991. Judge McBeth further found that the money judgment was not capable of enforcement until either the property sold or the ten years passed. Order of the Circuit Court of Vernon County, Missouri, General Division, Case No. CV7-80–282DR. The judgment was docketed on February 2, 1993.

Debtors then filed a Chapter 13 bankruptcy on March 11, 1993. On March 26, 1993, Judge McBeth signed the formal order of the Circuit Court of Vernon County creating the judgment lien at issue. No appeal of Judge McBeth's February 2, 1993, or March 26, 1993, actions was ever filed.

## DISCUSSION

Debtors raise two issues in their objection. First, debtors argue that Joseph Francis has no judgment lien and thus no claim against debtor Helen Tant because Missouri's Statute § 516.350 creates a con-

clusive presumption that any judgment over ten years old is paid,[1] unless such judgment is revived prior to expiration of the ten years. Mo.Stat.Ann. § 511.370 (1952). Second, debtors argue that the signing of the order reaffirming the judgment lien of Joseph Francis by the Circuit Court of Vernon County after debtors filed for bankruptcy protection is a violation of the automatic stay.

As to the first issue, this Court will not reach the merits of the effect of Mo.Stat.Ann. § 516.350 on Mr. Francis's lien because that issue was effectively litigated by the Circuit Court of Vernon County, Missouri. The doctrine of res judicata, or claim preclusion, holds that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action. *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir.), *cert. denied*, 498 U.S. 823, 111 S.Ct. 74, 112 L.Ed.2d 48 (1990). In other words, the doctrine bars a later suit when "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involved the same cause of action; and (4) both suits involved the same parties or their privies." *Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir.1983) *citing Ward v. Arkansas State Police*, 653 F.2d 346 (8th Cir.1981). Debtors argue that the judgment of the state court in this case can be collaterally attacked because the judgment of the Circuit Court of Vernon County, Missouri is void for lack of subject matter jurisdiction.[2]

---

1. Missouri Revised Statutes provide:
   1. Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country ... shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof ... [S]uch judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever. Mo.Stat.Ann. § 516.350 (Supp.1993).

2. The Missouri Rules of Court provide that:

**(b) Excusable Neglect—Fraud—Irregular, Void, or Satisfied Judgment.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been re-

Debtors maintain that because Missouri Statute § 516.350 appears to state that a judgment is conclusively presumed paid after ten years, a court which determines that the statute does not apply lacks subject matter jurisdiction.

■■■ I disagree. The Circuit Courts of Missouri are courts of general jurisdiction, and, as such, they have subject matter jurisdiction over any case or controversy.[3] The Circuit Court is the proper forum for determining the application of any given statute to a particular set of facts. The cases debtors cite in their brief all start from the presumption that the judgment is void and can, therefore, be collaterally attacked. *See, e.g., Gonzales v. Parks,* 830 F.2d 1033 (9th Cir.1987); *Yoder by Larsen v. Horton,* 678 S.W.2d 901 (Mo.Ct.App. 1984); *State ex rel. Rhine v. Montgomery,* 422 S.W.2d 661 (Mo.Ct.App.1967); *State ex rel. Industrial Properties v. Weinstein,* 306 S.W.2d 634 (Mo.Ct.App.1957). I find that the judgment of the Circuit Court of Vernon County, Missouri was a final judgment on the merits by a court with subject matter jurisdiction, and this Court is bound by that judgment. *See* 28 U.S.C. § 1738 (1966). Once the issues are raised in a court with proper jurisdiction of the parties, the final decision of that court must stand. *Murphy v. DeFrance,* 101 Mo. 151, 13 S.W. 756, 758 (1890). As early as 1809, the Supreme Court found that even if a judgment is erroneous, it is a judgment and until reversed, cannot be disregarded. *Kempe's Lessee v. Kennedy,* 9 U.S. (5 Cranch) 173, 3 L.Ed. 70 (1809). Further, a bankruptcy court, as a federal court, will not sit as an appellate court in review of state court decisions. *See, e.g., Anderson v. Colorado,* 793 F.2d 262 (10th Cir.1986); *Staley v. Ledbetter,* 837 F.2d 1016 (11th Cir.1988); *Mohler v. Mississippi,* 782 F.2d 1291 (5th Cir.1986). Debtors argue that the state court incorrectly construed a Missouri statute and that this Court should now relitigate the merits of that determination. The bankruptcy court, as a court of equity, will not intercede when there is or was an adequate remedy at law by appeal. *Loveland v. Davenport,* 188 S.W.2d 850, 852 (Mo.Ct.App.1945). Nor will courts of equity grant relief "for the purpose of giving a defeated party a second opportunity to be heard on the merits of his defense." *Id.*

The second issue raised by debtors is that the order from the Circuit Court of Vernon County was signed and filed on March 26, 1993, in violation of the automatic stay. The Bankruptcy Code provides that:

> (a) Except as provided in subsection (b) of this section, a petition ... operates as a stay, applicable to all entities, of—

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(1). However, the order of March 26, 1993, after the filing of the Chapter 7 case, was unnecessary. The notice sent to all parties following the hearing on February 2, 1993, is entitled "Notice Of Entry Of Order or Judgment (To Be Given By Clerk To All Parties Not In Default Who Are Not Present In Open Court When Order Or Judgment Is Entered)." That same instrument states:

> YOU ARE HEREBY NOTIFIED that on the 2nd day of February, 1993, the court duly entered the following:

> C. Judgment herein as per the attached copy.

---

versed or otherwise vacated, or it is no longer equitable that the judgment remain in force. Mo.R.Civ.P. 74.06(b).

**3.** Mo.Rev.Stat. § 478.070 provides:

**Jurisdiction of circuit courts.**—The circuit courts shall have original jurisdiction over all cases and matters, civil and criminal. Such courts may issue and determine original remedial writs.
Mo.Rev.Stat. § 478.070 (1986).

DOCKET SHEET

(Attached copy)

·    ·    ·    ·    ·

... The court finds that the decree entered on Jan. 8, 1981 ordered Tant to execute a not [sic] and deed of trust in the amount of $12,500.00 and that said note & deed of trust was required to contain provisions that the amount of $12,500.00 was to be due upon the earlier of the sale of the property or the lapsing of 10 years. Tant failed to execute the Deed of Trust as ordered by the Court giving rise to a money judgment enforceable beginning Jan. 8, 1991. Court finds the issues and the law to be against Tant and therefore denies the request to Quash execution on the ground that there was no enforceable money judgment rendered in favor of Francis. Statute of Limitations. Court finds that the money judgment was not capable of enforcement until either the property sold or 10 years lapsed. The property was not sold, 10 years lapsed on Jan. 8, 1991 and the money judgment became enforceable on that date. Court denies Tant's request to Quash Execution on the ground of the running of the Statute of Limitations. Copies of this docket entry are to be provided to Attornies [sic] for each party and the Sheriff of Vernon County.

Such notice was sent to the attorneys for both the petitioner and respondent on February 2, 1993.

▓▓▓▓ A judgment may be entered by a docket entry, *Weinbaum v. Weinbaum*, 679 S.W.2d 384, 388 (Mo.Ct.App.1984) *citing Sears v. Norman*, 543 S.W.2d 300 (Mo. Ct.App.1976), provided there is (1) no reservation of finality pending the preparation of the formal judgment, *Orgill Brothers & Co. v. Rhodes*, 669 S.W.2d 302 (Mo.Ct.App. 1984); (2) any statement of intent to render a judgment at a later date, *Marsden v. Nipp*, 325 Mo. 822, 30 S.W.2d 77 (1930); or (3) any indication the docket entry was an order merely authorizing the entry of a judgment, *Campbell Sixty–Six Express, Inc. v. Dalton*, 378 S.W.2d 558 (Mo.1964). The Supreme Court of Missouri has held that "A judgment of a court of record can be proven only by the record, yet it derives its force not from its entry on the record, but from its rendition by the court.... The act, after the trial and final submission of a case of pronouncing judgment in language which fully determines the rights of the parties to the action, and leaves nothing more to be done except the entry of the judgment by the clerk, constitutes the rendition of the judgment." *State ex. rel. Green v. Henderson*, 164 Mo. 347, 64 S.W. 138, 141 (1901). Given the fact that the notice of the entry of a judgment left no issue for later decision and clearly intended the judgment to be effective as of February 2, 1993,[4] the judgment was effective as of February 2, 1993, well in advance of debtors bankruptcy petition which was filed on March 13, 1993. Therefore, the formal filing of the order on March 26, 1993, was not a violation of the automatic stay.

Were I to find that the formal entry of judgment on March 26, 1993, violated the automatic stay, it would not alter the result in this case. Debtors apparently contend that because relief was not sought by Mr. Francis in order to lift the stay the order entered by the Circuit Court of Vernon County, Missouri is null and void. *See In re Rose*, 113 B.R. 534, 537 (W.D.Mo.1990) *citing* 2 Lawrence P. King et al., *Collier on Bankruptcy* ¶¶ 362.03, 362.11 at 362–31, 362–71 (15th ed. 1989); *see also In re Smith*, 876 F.2d 524, 526 (6th Cir.1989). *But see Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir.1990) (actions taken in violation of the stay are voidable, not void, because the bankruptcy court has the power to annul the stay pursuant to section 362(d)). *Collier* recognizes that even if actions in violation of the stay are void, there are equitable exceptions to this rule. 2 Lawrence P. King et

---

**4.** The order itself, filed on March 26, 1993, states, "NOW on this 2nd day of February, 1993,   the Court finds ...."

al., *Collier on Bankruptcy* ¶ 362.11 at 362–84 (15th ed. 1993). The Seventh Circuit has also recognized that equitable considerations can mitigate the effect of a technical stay violation. The Court stated:

Section 362 is designed to benefit a debtor by preventing harassment and frustration of rehabilitation efforts through pursuit by creditors in individual actions. Suspension of Section 362 automatic stay provisions may be consonant with the purposes of the Bankruptcy Act when equitable considerations weigh heavily in favor of the creditor and the debtor bears some responsibility for creating the problems.

*Matthews v. Rosene,* 739 F.2d 249, 251 (7th Cir.1984).

In this case the equitable considerations weigh heavily in favor of Joseph Francis. This dispute arose solely because debtor failed to sign the deed of trust as required by the dissolution decree. More recently, Mr. Francis obtained a judgment well in advance of debtor's bankruptcy filing. But debtor, apparently not content with her prospects on appeal from the state court judgment, instead sought refuge in the bankruptcy court. Given the technical nature of the stay violation which debtor contends occurred, and given the equities, the Order entered on March 26, 1993, is not void.

## CONCLUSION

Based on the foregoing, debtors objection to the claim of Joseph Francis should be overruled, and confirmation of debtors' Chapter 13 plan should be denied. An order consistent with this Memorandum Opinion will be entered this date.