**Jay J. STEVENS, Appellant,**

**v.**

**Bernice L. STEVENS, Respondent.**

**No. 44089.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 22, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 20, 1981.

John W. Reid, II, Fredericktown, for appellant.

David L. Mayhugh, Flat River, for respondent.

REINHARD, Judge.

Husband appeals that portion of a dissolution decree allowing wife maintenance and attorney's fees.

Husband filed a Petition for Dissolution of Marriage on January 14, 1980 in which he alleged that the parties had executed a separation agreement and prayed the court approve it and make it part of the dissolution decree. He attached a copy of the agreement dated August 3, 1978.

Wife answered, denying the marriage was irretrievably broken. She admitted the execution of the separation agreement, but alleged that it did not dispose of all the marital property and was not a fair and equitable agreement.

According to the separation agreement, the property was to be divided, wife was to have custody of the children, and husband was to pay $80.00 a week for child support. Paragraph 10 of the agreement states:

> Should the marriage of the parties hereafter become dissolved, this Agreement shall at all times remain effective and operate as a settlement in lieu of, and full payment of any and all temporary maintenance, alimony, suit money, and in full settlement of any permanent alimony.

The court awarded custody and child support payments as per the separation agreement, but went on to award wife the sum of $50.00 per week as maintenance and $400.00 attorney's fees. The court then made the further finding:

> The court further finds that the separation agreement and property settlement entered into by the parties and dated the 3rd day of August, 1978 *as above modified* is fair, reasonable and not unconscionable and, therefore, approves same and orders said agreement incorporated into the decree of divorce. (emphasis added)

On appeal husband contends the court erred in awarding wife maintenance and attorney's fees contrary to the terms of the agreement.

Under § 452.325(2) RSMo. 1978, the court is bound by the provisions of a separation agreement unless it finds the agreement to be unconscionable (with exception for "terms providing for the custody, support and visitation of children"—and those terms are not at issue here). The court's order, saying that it finds the separation agreement *as modified* to be conscionable, is by implication a determination by the court that it found the agreement without provision for maintenance to be unconscionable.[1] Subsection 3 of § 452.325 provides: "If the court finds the separation agreement to be unconscionable, the court may request the parties to submit a revised separation agreement or the court may make orders for the disposition of property, support, and maintenance in accordance with the provisions of sections 452.330, 452.335, and 452.340." The court made no request for a revised separation agreement; hence its decree must be reviewed as having been entered under the above cited sections.

Section 452.335 governs the awarding of maintenance and allows such an award only if the court finds "that the spouse seeking maintenance (1) lacks sufficient property . . . to provide for his reasonable needs and (2) is unable to support himself through appropriate employment. . . ."

In view of the record before us we conclude that a judgment allowing mainte-

1. Husband contends that if the court found the agreement to be unconscionable the court had a "clear duty" to pronounce the agreement unconscionable as a part of the decree. That is only required, however, under Section 452.325.-4(2). *See Wilhoit v. Wilhoit*, 599 S.W.2d 74 (Mo.App.1980). That section by its own terms applies only "if the court finds that the separation agreement is *not* unconscionable," (emphasis added) and "if the separation agreement provides that its terms shall not be set forth in the decree." Neither of these conditions was met in this case.

nance to wife under Section 452.335 is not supported by substantial evidence. The wife testified as to her employment and income and the court took judicial notice of her expense statement. The wife specifically stated she did not want maintenance; all she wanted was child support and help on the house. The separation agreement, the terms of which were made part of the decree, allowed wife to live in the house and required husband to pay ½ of the insurance and taxes. It is understandable that husband objects to the maintenance award when his wife rejected such award in the separation agreement, made no request for it in the pleadings and specifically denied on the witness stand that she wanted it. We reverse that portion of the judgment allowing wife maintenance.

The wife requested attorney's fees in her answer and we believe that the court's determination as to attorney's fees is supported by the evidence.

Affirmed in part; reversed in part.

CRIST, P. J., and SNYDER, J., concur.