In re MARRIAGE OF Ronald Dean WILFONG and Phyllis L. Wilfong.

Ronald Dean WILFONG,
(Petitioner-Respondent-Appellant),

v.

Phyllis L. WILFONG,
(Respondent-Appellant-Respondent).

Nos. 34048, 34122.

Missouri Court of Appeals,
Western District.

Sept. 6, 1983.

Mary V. Hower, St. Joseph, for petitioner-appellant-respondent Ronald Wilfong.

Larry E. Scott, St. Joseph, for respondent-appellant-respondent Phyllis Wilfong.

Before CLARK, P.J., and PRITCHARD and LOWENSTEIN, JJ.

CLARK, Presiding Judge.

■ In this dissolution of marriage case, Phyllis Wilfong, the wife, initiated the appeal from the judgment below entered after a contested trial. A cross-appeal was filed by the husband, Ronald Dean Wilfong, on motion and order under Rule 81.07 permitting appeal out of time. Each party raises a separate point of error, the wife contending an improper disposition was made of the husband's military pension and the husband objecting to an allowance to the wife of maintenance contrary to the provisions of a separation agreement. We conclude the wife's notice of appeal was filed out of time necessitating dismissal of her appeal. The husband's cross-appeal has independent status by reason of the order allowing the appeal out of time [1] and, thus, the point raised by the husband will be considered on the merits.

Considering first the timeliness of the notice of appeal filed by the wife, a review of the arcane record in this case is necessary. Trial of the case was on July 7, 1982. On July 15, 1982, the court filed of record a document titled "Findings of Fact and Conclusions of Law" containing, under the subtitle "Order," dispositive pronouncements in the case. The marriage was found to be irretrievably broken and was dissolved. Custody of a child born of the marriage was given to the wife and child support was established. The parties' property was divided in accordance with their separation agreement which was found not to be unconscionable. Attorney fees were awarded the wife.

On July 21, 1982, the wife filed a motion to amend the judgment or for a new trial. The motion was addressed to "the judgment of this court which was entered on July 15, 1982." On July 23, 1982, the court overruled the motion to amend or for a new trial. The wife's notice of appeal was filed August 4, 1982.

■ Appeal from a judgment is effective only if notice of appeal is filed not later than ten days after the judgment appealed from becomes final. Rule 81.04(a). A judgment becomes final for purposes of appeal thirty days after entry or, if a motion for new trial is filed, at the date of disposition of the motion. Rule 81.05(a). Once

---

1. As will hereafter appear, the judgment in the case was rendered July 15, 1982 and the wife's notice of appeal was filed August 4, 1982. The record on appeal was not filed until December 29, 1982. When the possible defect in the notice was raised sua sponte by the clerk of the court on February 8, 1983, the time within which the wife could have availed herself of Rule 81.07 had expired.

the motion for new trial has been ruled, the judgment becomes final and the trial court no longer has authority to disturb the judgment or its finality. *Blythe v. Blythe,* 630 S.W.2d 198 (Mo.App.1982).

 The wife in this case recognized by her new trial motion that the judgment had been rendered on July 15. The motion was overruled July 23, 1982 at which point the trial court was divested of further jurisdiction to act. The ten day period for filing the notice of appeal commenced to run on July 23 and expired on August 2, 1982. The notice of appeal filed August 4, 1982 was out of time.

In her presentation here, the wife has ignored the July 15, 1982 date and has consistently referred to July 21, 1982 as the date of the "original judgment entry." The confusion is attributable to a duplicate judgment which the court recorded on the last mentioned date. The "Judgment Entry" of July 21 is a document apparently prepared by counsel for the husband and presented to the court for signature. The language more formally corresponds to that of a judgment, but the substantive content is a rescript of the earlier "Findings of Fact and Conclusions of Law" save only for the omission from the second entry of any mention of the military pension. This difference, as later entries demonstrate, was a matter of inadvertence. Regardless of the difference in form, the disposition of the case was accomplished July 15, 1982 when the court announced its decision.

 The act of pronouncing judgment in language which fully determines the rights of the parties to the action constitutes the rendition of the judgment. *State ex rel. Green v. Henderson,* 164 Mo. 347, 64 S.W. 138, 141 (banc 1901). The fact a judgment is not embodied in a formal judgment entry does not prevent that judgment from being effective. *Byrd v. Brown,* 613 S.W.2d 695, 698 (Mo.App.1981). Here, the entry of July 15, 1982 fully determined all issues presented to the court in the case and recorded the judicial acts of the court in deciding the controversy. Nothing more remained to be done, even in terms of minis-

terial detail. The order of July 15, 1982 was spread upon the court's record and, as evidenced by the wife's new trial motion, she had notice and perceived the import of the entry of judgment.

The coincidence of dates between the filing of the new trial motion and the entry of the duplicate judgment on July 21 appears to be no more than that. While the court did possess jurisdiction under Rule 75.01 to take corrective action for thirty days after July 15, the entry of July 21 cannot be construed as a modification of the prior entry. The lack of any substantive difference between the entries and the order two days later overruling the motion to amend or for a new trial confirm the interpretation of the July 21 entry as merely a duplicate, in more formal language, of the judgment rendered July 15. The second judgment entry was confusing and its purpose was uncertain but it was without procedural or substantive significance.

Further disarray was added by a "First Amended Judgment Entry" which the parties say was entered September 2, 1982. A copy of this document appears in the legal file, but it bears no date other than July 7, 1982 and no file stamp by the clerk. The court's docket sheet contains no entry identifying a "First Amended Judgment." Because the existence of this added judgment does not affect disposition of the case, we assume it was filed.

From its content and other documents in the legal file, it appears the purpose of the September entry was to correct the oversight in omission of mention of the military pension in the entry of July 21. The September entry otherwise duplicates the July 21 entry and, in turn, corresponds in all dispositive provisions with the judgment of July 15, 1982.

Again without mention of the July 15 judgment, the wife argues that her appeal was timely notwithstanding the order of July 23 overruling the new trial motion, because the July 21 entry was incomplete in its failure to mention the military pension. She argues that the court had not exhaust-

ed its jurisdiction, there was no final judgment and the court was entitled to remedy the situation by the entry of September 2, 1982. When this judgment was entered, she contends, the notice of appeal filed August 4, 1982, prematurely then became operative under Rule 81.05(b).

■ The argument fails primarily because, as concluded in the earlier portion of this opinion, judgment in the case was rendered July 15 and not on July 21. The July 15 entry was complete in all respects as to disposition of the controversies between the parties and suffers no omission in division of property as does the July 21 entry. Secondly, there was no authority in the trial court to enter a judgment September 2, 1982 regardless of whether the first judgment be considered to be the entry of July 15 or the entry of July 21. When the new trial motion was overruled July 23, the authority of the trial court to reopen, amend or alter disposition of the case was terminated.

■ Finally, the wife incorrectly perceives the law in dissolution of marriage cases to be that a trial court's jurisdiction extends indefinitely so long as marital assets remain undivided. Absent timely appeal or an unruled motion for new trial, the judgment in a dissolution of marriage case matures to finality thirty days after rendition as in any other case regardless of omitted property disposition. *McClintock v. Black,* 608 S.W.2d 405 (Mo. banc 1980).

For the reasons stated, the wife's appeal was not timely filed and must be dismissed.

As to the husband's appeal, he takes exception to those provisions in the judgment which are inconsistent with the parties' separation agreement, particularly allowance to the wife of maintenance in the sum of $400.00 a month for twelve months and attorney fees. The point is well taken and necessitates reversal of the judgment.

One of the contested issues in the case was whether a separation agreement concededly executed by the wife was binding on her, a question which in turn affected the court's general obligation to review such agreements and reach a determination of conscionability. The wife disavowed the agreement contending she had not received proper advice and was unaware at the time as to the legal implications of the document.

The judgment by the court on the subject as reflected in the entry of July 15, 1982 reads as follows:

"The Court finds the separation agreement previously described to have been entered into freely, knowingly, willingly upon proper advice and with the knowledge of its consequences by both parties and the same is, therefore, by the Court approved in every respect and found not unconscionable; provided further the Court awards temporary maintenance to the respondent in the form of rehabilitative maintenance for a period of twelve months at $400.00 a month for a total of $4800.00 and nothing further."

■ Section 452.325.1, RSMo 1978 authorizes the parties to a dissolution of marriage action to settle their disputes amicably by entering into a separation agreement providing for maintenance, the disposition of property and custody, support and visitation of children. The terms of such an agreement, except as related to the care and support of children, are binding on the court unless the court finds the agreement unconscionable. If the court finds the separation agreement unconscionable, it may request the parties to make a new agreement or it may divide the property and award maintenance and child support under the statutory provisions relative to these subjects. *Stevens v. Stevens,* 625 S.W.2d 171 (Mo.App.1981).

■ The entry quoted above expresses the approval of the separation agreement by the court "in every respect" and under the statute, the court was bound to follow provisions of the agreement in its judgment. In the agreement the wife foreswore any claim to maintenance and attorney fees and agreed to a property division. By allowing the wife maintenance, attorney fees and an interest in savings bonds, the trial court acted in contravention of the

separation agreement on these subjects and did not observe the directive of the statute.

The wife argues in support of the maintenance judgment that a trial court may determine the conscionability of a separation agreement in segments, adopting portions as conscionable and rejecting others with the latitude to interpose its own allowances where the provisions of the agreement are found not to be conscionable. Apart from the language of the judgment here, "approved in every respect," which refutes the argument that the court found any part of the agreement unconscionable, the wife cites no authority for this novel contention.

The language of the statute suggests no option for the court to select portions of separation agreements for approval while rejecting others as unconscionable. Instead, the court is bound by the terms to which the parties have agreed, unless the court finds the agreement unconscionable. In this latter event, the court has the alternative of requesting the parties to renegotiate the agreement or, failing that, the court must divide the property and award support and maintenance without any obligation to follow the provisions of the agreement. By definition, an unconscionable separation agreement binds neither the parties nor the court.

If the court finds the separation agreement to be not unconscionable, as the judgment in this case unequivocally recites, the terms of the agreement as to property division and maintenance, mutually dependent as they are, § 452.335.1(1), RSMo 1978, must be observed in the judgment, § 452.-325.2, RSMo 1978. The trial court therefore erred in this case in granting the wife maintenance, attorney fees and an interest in the husband's savings bonds acquired after separation because the wife waived claims to these allowances under the terms of the separation agreement.

The judgment entered July 15, 1982 is ordered modified by deleting therefrom the award to Phyllis Wilfong of maintenance in the sum of $4800.00, the award to Phyllis Wilfong of $550.00 as attorney fees and the award to Phyllis Wilfong of $75.00 as one-half the value of savings bonds. In all other respects, the judgment entered July 15, 1982 is affirmed. The appeal by Phyllis Wilfong is dismissed.

All concur.