In re MARRIAGE OF David and Kara LINNENBURGER.

Kara LINNENBURGER,
Petitioner–Respondent,

v.

David LINNENBURGER,
Respondent–Appellant.

No. 53126.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Dec. 22, 1987.

Mark Steven Wasinger, Hannibal, for respondent-appellant.

Howard L. Snowden, Quincy, Ill., for petitioner-respondent.

SIMEONE, Senior Judge.

This case involves the proper procedure to be followed by the trial court when the court finds a stipulation and agreement entered into by the parties in a dissolution proceeding to be "unconscionable" pursuant to § 452.325.3, R.S.Mo., 1986.

Appellant, David Linnenburger (husband) appeals from an order of the circuit court of Lewis County entered on February 24, 1987 after an evidentiary hearing in the parties' dissolution proceeding brought by Kara Linnenburger (wife). The court found a portion of the parties' "Stipulation and Agreement" unconscionable and awarded the wife maintenance for five years in the amount of $100.00 per month, although maintenance was waived in the stipulation and at the dissolution hearing, and awarded an increased amount for child support inconsistent with the provisions of the stipulation. For reasons hereinafter stated, we reverse the judgment and remand the cause for further proceedings.

On March 12, 1971, the parties were married and lived together in Ewing, Missouri. Twins were born of the marriage, Stephen and Stephanie—both fourteen years of age at the time of the hearing. The parties separated about January, 1986. At the time of the filing of the petition for dissolution, May 29, 1986, wife was unemployed

and husband was a self-employed farmer and construction worker. The petition alleged that the parties acquired certain real and personal property during the marriage and that husband "is gainfully employed and is well able to pay a maintenance to the Petitioner in support of Petitioner's children." The petition prayed that (1) the marriage be dissolved; (2) the court make a division of the real and personal property; (3) the court award custody of the minor children to wife; and (4) "the court further order the Respondent to pay maintenance to the Petitioner in[1] support for the two children in amounts which the Court deems to be reasonable."

In August, a motion for temporary child support was filed, and in due time interrogatories were filed. The wife's answers indicated that she earns "approximately $50 per week baby-sitting," and that all funds "we own are marital property."

On November 8, 1986, the parties entered into a Stipulation and Agreement which recited that the parties were "anxious to agree and arrange their property rights between themselves." It provided, *inter alia,* that (1) husband would have custody of Stephen, subject to visitation rights; wife would have custody of Stephanie, subject to visitation rights; (2) husband "shall pay" to wife the "sum of $35.00 per week as and for child support for Stephanie until she reaches her majority, dies, marries or is otherwise emancipated"; (3) each party shall pay attorney's fees; (4) husband to retain the farm; and (5) husband "agrees to pay" to wife "in lieu" of "alimony" and as a property settlement the "sum of $4,000 on the date of dissolution," $2,000 on November 1, 1987, on November 1, 1988 and November 1, 1989 for a "total settlement of $10,000." The Agreement also

recited that "it is understood" by wife that "in order for [husband] to pay the $4,000 he will have to sell the livestock that is being transferred to the [husband] by this Agreement."

On December 4, 1986, a hearing was held on the wife's petition for dissolution. The wife testified as to many of the facts asserted in her petition and introduced the separation agreement.

As to child support the wife testified that under the terms of the stipulation she is to receive $35.00 per week for child support and that under the "circumstances" that is a proper amount. She was then asked whether she or her husband were "paying alimony to the other" and whether she realized that she "waives" maintenance "if you do not ask for it here." She responded in the affirmative. On cross-examination wife testified that she understood that "by not making any claim for maintenance or alimony at this time, you will be forever barred from later coming back into this court or any other court and seeking it from your husband."

During the hearing, the wife was questioned by the court concerning her income and her husband's income. She was asked whether she thought she could "get by" and provide for "this child on thirty-five dollars a week." Her response was "I'll have to. I think we probably can."

When testimony was concluded the court found the marriage to be irretrievably broken, ordered the marriage dissolved, and ordered the custody of the two children be placed with the respective spouses in accordance with the stipulation. But the court found the separation agreement to be unconscionable as to maintenance and support, requested the parties to submit finan-

1. On appeal, husband contends that the court erred in granting maintenance because wife did not seek maintenance in the petition and expressly waived it at the hearing. Respondent-wife counters that the petition did seek maintenance and that the word "in" was a typographical error; instead the word "and" should have been used. The stipulation and agreement letter entered into provided for a "property settle-

ment" of $10,000 to be paid at various intervals "in lieu of alimony". Wife, therefore contends that maintenance was actually sought. Whether maintenance was actually prayed for or not is not determinative in view of the fact that the wife expressly waived maintenance at the hearing on the petition. We shall treat the case as if the wife did not actually seek maintenance.

cial statements and briefs and took the matter under advisement.

After financial statements and income tax returns were considered by the court, the court, on February 24, 1987, issued its "Memorandum and Order". The order noted that the husband's income to December 9, 1986 was $17,042.51 plus a vacation withholding making an annualized income in excess of $1,500 per month and stated that "under all the circumstances the sum of $50.00 per week" is appropriate for child support. The court also held that since (a) the net assets of the parties exceed $38,000 with approximately $3,600 of marital debts, (b) the division of the property under the stipulation is favorable to the husband, and (c) the husband's net income apart from the farm is approximately $1500.00 per month, while the wife's income is approximately $200.00 per month, the agreement is unconscionable. The court approved the separation agreement "except as to paragraphs 4 and 11 and in those respects" it ordered the husband to pay $50.00 per week for child support and $100.00 per month maintenance for a period of five years. Subsequently, appellant filed a motion to amend the order or in the alternative to grant a new trial. The motion was overruled on April 21, 1987. This appeal followed.

On appeal, appellant-husband contends that the trial court erred (1) in granting maintenance to wife because she did not seek it and expressly waived it at the hearing; (2) in awarding maintenance contrary to the separation agreement since such award was not supported by substantial evidence; and (3) in selectively approving certain portions of the agreement and rejecting others, thus selectively disregarding certain provisions as unconscionable and some conscionable. If this be proper, appellant contends, the parties to an uncontested dissolution would be placed in the difficult position of being required to present "lengthy evidence" in support of each provision of an agreement, thus obviating the express purposes of § 452.325, R.S.Mo., which "seeks to promote amicable settlements," and which would make uncontested hearings fully contested ones.

Part of the comprehensive, modern scheme of the 1974 Dissolution of Marriage Act is that the parties are authorized to stipulate, agree and contract *inter sese* to determine their rights and duties concerning the many aspects of separation—maintenance, custody, support, disposition of marital property, attorney's fees and a whole host of other mundane matters—according to their wishes, so long as such stipulation or agreement is not unconscionable. This philosophy is embodied in § 452.325, R.S.Mo., 1986. That section provides:

1. To promote the amicable settlement of disputes between the parties to a marriage attendant upon their separation or the dissolution of their marriage, the parties may enter into a written separation agreement containing provisions for the maintenance of either of them, the disposition of any property owned by either of them, and the custody, support and visitation of their children.

2. In a proceeding for dissolution of marriage ..., the terms of the separation agreement, except terms providing for the custody, support, and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable.

3. If the court finds the separation agreement unconscionable, the court may request the parties to submit a revised separation agreement or the court may make orders for the disposition of property, support, and maintenance in accordance with the provisions of sections 452.330, 452.335 and 452.340.

* * * * * *

This provision encourages the parties to settle their own differences freely and in accord with their wishes. *Holmes v.*

*Holmes,* 527 S.W.2d 684 (Mo.App.1975); *In re Marriage of Wilfong,* 658 S.W.2d 45, 48 (Mo.App.1983). When the agreement is incorporated into a decree, it is as enforceable as any judgment just as the former decretal alimony was. *Bryson v. Bryson,* 624 S.W.2d 92, 95 (Mo.App.1981). Such an agreement between the parties "promotes judicial efficiency without any disparagement of equity or justice—and hence should be given effect at a trial." *Samuels v. Samuels,* 713 S.W.2d 865, 871 (Mo. App.1986).

Section 452.335, R.S.Mo., 1986 deals with elements necessary to grant maintenance and the relevant factors to determine the specific amount of maintenance. That section provides that the court may grant maintenance to either spouse, "but only if it finds that the spouse seeking maintenance" (1) lacks sufficient property to provide for his reasonable needs; and (2) is unable to support himself through appropriate employment.

Under § 452.325, the trial court is authorized to examine the conscionability of an agreement. There has been some disagreement as to the affirmative duty of the trial court to investigate conscionability, but *Dow v. Dow,* 732 S.W.2d 906 (Mo. banc 1987), put this doubt to rest. In *Dow,* the Supreme Court overruled *Clapper v. Clapper,* 674 S.W.2d 656 (Mo.App.1984) and held that § 452.325 "allows, but does not require, the trial judge to investigate and examine the economic circumstances of the parties and other relevant factors in determining conscionability of [a] settlement agreement." But "[b]y so saying, we in no way detract from or restrict the power given to the trial court to conclude that a settlement agreement is unconscionable, if the facts or circumstances of the particular case suggest such action on the court's part." *Dow,* 732 S.W.2d at 908.

Guided by these general statutory and decisional principles, we turn to appellant's contentions. Appellant first contends that the court erred in granting wife maintenance contrary to the settlement agreement and despite the fact that she expressly waived maintenance at the hearing and ambiguously sought it in her petition. Appellant relies upon (1) the express language of § 452.335 that maintenance may be awarded "only if it finds that the spouse seeking maintenance" lacks sufficient property and is unable to support himself; (2) the decisions of *Samuels v. Samuels, supra; In Re Marriage of Morris,* 726 S.W. 2d 505 (Mo.App.1987); *In Re Marriage of Noeltner,* 569 S.W.2d 8 (Mo.App.1978) and *Stevens v. Stevens,* 625 S.W.2d 171 (Mo. App.1981).

While it is true that a claim for maintenance may be waived by failing to pray for it or by expressly waiving it at a hearing, *In Re Marriage of Noeltner,* 569 S.W.2d at 11; *Walker v. Walker,* 631 S.W.2d 68, 70 (Mo.App.1982), courts have disagreed whether maintenance may be awarded under proper circumstances even though waived. This court in *Layton v. Layton,* 673 S.W.2d 462 (Mo.App.1984) undertook to reconcile diverse opinions and held that the "trial court is not bound by any stipulation, agreement or waiver regarding maintenance, but rather the court must exercise its discretion to determine the granting or denial, the amount and duration of maintenance as guided by the factors set forth in § 452.335.2, RS Mo 1978." *Layton, supra,* 673 S.W.2d at 463.

This view was questioned by the Western District in *Samuels v. Samuels, supra.*[2] There the court "would disagree, if disagreement were necessary," and opined that an award of maintenance "issues only to a spouse who *seeks* maintenance." *Samuels,* 713 S.W.2d at 871.

The declaration in *Layton* that the 'trial court is not bound by any stipulation, agreement, or waiver regarding maintenance,' moreover contradicts the purpose of § 452.325 which enables parties to a dissolution to enter a written separation

---

**2.** We are inclined to believe that there is merit to the *Samuels* interpretation and that the lan- guage in *Layton* was necessary for the resolution of the unique facts of that case.

agreement in order to 'promote the amicable settlement of disputes'—a dispute as to a right to maintenance included. A waiver of maintenance under such an agreement binds the court. *In re Marriage of Wilfong*, 658 S.W.2d 45, 48 [8, 9] (Mo.App.1983).

*Samuels*, 731 S.W.2d at 871. The court in *Samuels* found that there was no waiver on the wife's part but stated:

A waiver of a claim to maintenance made in open court voluntarily and understandingly operates to the same end as the agreement enabled by § 452.325—it promotes judicial efficiency without any disparagement of equity or justice—and hence should be given effect at a trial. *Id.*

In *Wilfong, supra,* the Western District also held that where a separation agreement is found by the trial court not to be unconscionable, the court is bound by the agreement and cannot act in contravention of the separation agreement. 658 S.W.2d at 48.

Whatever differences exist between the Western District and this District as to whether the trial court is restricted from granting maintenance when not sought or expressly waived upon a hearing or under the terms of an agreement, these differences are not determinative of the issues involved here. In *Wilfong, Samuels* and *Layton*, there was no finding by the trial court that a stipulation or agreement was unconscionable; there were only involved the questions of waiver or non-waiver or a question of conscionability, not unconscionability.[3]

■ The critical issue here, unlike the decisions above, is whether the trial court may contravene the provisions of a separation agreement when it finds that the agreement relating to support and maintenance is unconscionable. The issue is not whether the trial court is authorized to award maintenance when the wife does not pray for it in the petition or expressly waives it at the hearing. The issue here is whether the court is authorized to award maintenance when it finds a settlement agreement is unconscionable. Under § 452.325, R.S.Mo., the court is clearly so authorized.

Section 452.325.3 provides that if the court finds the separation agreement to be unconscionable, it has two options: (1) "the court may request the parties to submit a revised separation agreement" or (2) "the court may make orders for the disposition of property, support, and maintenance in accordance with the provisions of §§ 452.330 [disposition of property] 452.335 [maintenance], and 452.340 [child support]."

Here the trial court did not request the parties to submit a revised separation agreement. Instead, after requesting and examining financial statements, the court issued its order increasing child support and awarded maintenance despite the express waiver of maintenance at the hearing and contrary to the provisions of the stipulation. The court did not hold any further evidentiary hearing.

■ The parties have not referred us to any authority on, nor does our independent research reveal, the proper procedure to be followed by the trial court when it finds that the separation agreement is unconscionable. We believe, however, that where the trial court finds a separation agreement is unconscionable, the proper procedure to be followed is either to (a) request the parties to submit a revised agreement, or (b) hold a separate evidentiary hearing. Many dissolution cases are heard by default. If the court may disregard or modify terms of a separation agreement, worked out by the parties, the absent spouse may well be put to a disadvantage. To obviate these difficulties, the procedure outlined here is to be followed.

While § 452.325.2 states that the terms of a separation agreement relating to cus-

---

**3.** In *Layton,* there was no separation agreement; in *Wilfong,* the court found the agreement conscionable, and in *Samuels,* the court concluded that the wife did not waive maintenance.

tody, support and visitation are not binding on the court, yet we believe that when the court finds a separation agreement unconscionable, the proper procedure, as to these and other matters, including maintenance, is to follow the procedure stated above. When maintenance is involved, as here, the court, at such evidentiary hearing, may then consider and explore the factors embodied in § 452.335.2. After such evidentiary hearing, and in accordance with § 452.325.3, the court may then make such "orders for the disposition of property, support, and maintenance." Such procedure would benefit the parties and the court—it gives the parties the opportunity to develop relevant evidence to comply with the factors outlined in § 452.335.2 and provides illuminating guidance for the trial court to make just orders relating to maintenance, support and other matters. Although the trial court may not here be faulted, since the proper procedure has not been heretofore articulated in any prior decision, this procedure was not meticulously followed by the trial court. In the instant case, there was evidence concerning the incomes of the parties and certain other matters, but there was insufficient or insubstantial evidence concerning the other factors outlined in the statute, such as the wife's level of education, training, emotional and physical condition, the standard of living established during the marriage or the conduct of the wife during the marriage which § 452.335.2 requires. Thus the trial court's order was not supported by substantial evidence, as contended by appellant in his second point, on these and other factors. See *Stevens v. Stevens*, 625 S.W.2d at 172–73 (reversing that portion of judgment allowing maintenance). Furthermore, by not following the proper procedure embodied in § 452.325.3, the trial court erroneously applied the law.

Therefore the order of the trial court should be reversed and the cause remanded so that a further evidentiary hearing may be held.

■ Lastly, appellant contends that the court erred in selectively approving portions of the agreement and finding the provisions relating to support and maintenance unconscionable. Such selectivity would violate the express provisions of § 452.325 and the spirit of the law to encourage amicable settlements, and would require a hearing equivalent to a contested proceeding. We agree.

While the issue of selectivity has not been authoritatively settled by our Supreme Court, we believe that the discussion in *In Re Marriage of Wilfong, supra*, to be highly persuasive. In *Wilfong*, it is said that such a procedure would be "novel" and that § 452.325 "suggests no option for the court to select portions of separation agreements for approval while rejecting others as unconscionable." *Wilfong, supra*, 658 S.W.2d at 49; *cf.*, *Stevens v. Stevens, supra*, 625 S.W.2d at 172.

A separation agreement is an integrated whole; each provision may well bear on others. The separation agreement is an amicable settlement of the rights and duties of the parties. When the trial court finds certain portions of the agreement to be unconscionable, the proper procedure is to follow the statute—either request the parties to submit a revised agreement for approval, or after an evidentiary hearing, make such orders for the disposition of property, support and maintenance in accordance with the provisions of §§ 452.330, 452.335 and 452.340. This is what the statute contemplates and is in accord with the philosophy of the Dissolution Act. Otherwise there may be great imbalances in the various provisions of the agreement and the agreement may not be in accord with what the parties intended.

In view of the foregoing, we hold that the trial court (1) did not follow the proper procedure in awarding maintenance and increasing child support after finding the stipulation and agreement unconscionable; (2) awarded maintenance without substantial evidence and without considering all the statutory factors; and (3) in selectively approving certain portions of the stipulation while disapproving others. Thus the

court erred. Therefore, the order is reversed and the cause remanded with directions to request the parties to submit a revised settlement agreement or hold an evidentiary hearing on matters of maintenance, support and disposition of marital property.

Having considered the entire record and the authorities relied upon by the parties, the order of the trial court is reversed and the cause remanded for further proceedings.

SATZ, C.J., and GARY M. GAERTNER, J., concur.

