In re the Marriage of Roxann JOHN-
SON, Petitioner–Appellant,

v.

Donald JOHNSON,
Respondent–Respondent.

No. 52326.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 19, 1988.

Susan M. Hais, Clayton, for petitioner-ap-
pellant.

John A. Schneider, Hillsboro, for respon-
dent-respondent.

REINHARD, Judge.

Wife appeals after the trial court dis-
solved the parties' marriage. We affirm in
part and reverse and remand in part.

The parties were married in Jefferson
County, Missouri, on January 22, 1973. At
that time, husband was a member of the
United States Army. He remained in the
Army throughout the marriage and at the
time of the dissolution. One child, a
daughter, was born of the marriage on
April 13, 1975.

In dissolving the marriage on September
9, 1986, the court found the parties' "Sepa-
ration Agreement is not a conscionable
agreement" and stated that it would not
enforce it. However, in accordance with
the agreement, the court distributed the
marital property, awarded custody of the
daughter to wife, and ordered husband to
pay child support of $375.00 per month.
Although the parties had agreed that hus-
band would pay wife maintenance of
$475.00 a month, the court ordered him to
pay maintenance of only $250.00 a month
for 36 months.

In the separation agreement the parties
also had agreed "to divide equally any and
all property rights that husband may have
or acquire, now or in the future, to any
military retirement/pension which the hus-
band has or may acquire in the future."
Although the agreement was admitted into
evidence, there was no other evidence at
trial concerning the existence or value of a
pension. Nevertheless, the court awarded
wife "such rights as granted by U.S.

Government to [husband's] pension rights...." Subsequent to the entry of the judgment, husband filed a motion to amend the judgment alleging

[Husband] believes both the Court and both attorneys were unaware of the provisions of 10 U.S.C. Section 1408, which authorizes division of military pension to a divorcing spouse within the discretion of the trial court.

....

Since [husband] believes it was the Court's position that [wife] would receive only such part of the pension as is mandated by Federal law, and since no part of it is required to be divided to the divorcing wife under Federal law, the judgment is ambiguous and incomplete.

Wherefore, [husband] prays the Court amend the judgment specifically awarding [husband] 100% of his military pension and [wife] 0%....

The parties dispute whether a hearing was held on husband's motion to amend; there is nothing in the record to indicate a hearing was held. On September 18, 1986, the court entered the following order: "[Husband's] motion to amend judgment sustained. [Husband] granted 100% of military pension."

On appeal wife alleges the court erred in finding the separation agreement to be unconscionable, in awarding 100% of the military pension to husband, and in awarding only limited maintenance.

The evidence relevant to the issues raised by wife was that husband had been in the Army for almost 14 years and was a sergeant first-class at the time of dissolution. In February 1985, husband was assigned to Ft. Riley, Kansas, where he and wife resided in a mobile home they jointly owned. In April 1985, wife told husband that she desired a separation. At husband's suggestion they went to a legal assistance officer at Ft. Riley. Both parties were aware that the legal advisor rep-

resented wife. The legal advisor drafted a separation agreement which provided for wife to have custody of the daughter and for husband to pay child support of $375.00 a month and maintenance of $475.00 a month. The parties also agreed that wife was to receive the mobile home and a 1984 Chevrolet pickup truck and that she was responsible for the indebtedness on each. According to the evidence at trial, the mobile home was valued at $9,000.00 to $10,-000.00, and $29,000.00 was owed on it. The pickup truck was valued at $4,500.00 with $6,680.00 owed on it.[1] Under the agreement husband was to pay all other debts. From the record it appears the other debts totaled less than $10,000.00. There was some other personal property involved but it appears to have been of insignificant value.

According to husband's income and expense statement in evidence at trial, his gross wages were $2,051.68 a month and his net monthly pay was $1,767.15. His pay included various benefits he received because he was married; he testified he would lose some of those benefits after the dissolution. His total average monthly expenses of $1,931.32[2] included the $375.00 a month child support, the $475.00 a month maintenance, and about $450.00 a month to make installment loan payments.

During the marriage wife had been sporadically employed at various discount stores, never earning more than $4.00 an hour. During periods of unemployment she was able to earn $30.00 to $40.00 a week babysitting. She also had received unemployment compensation for about six months. Her net earnings in 1985 were $1,100.00. At the time of trial wife was working at a Wal–Mart store in Texas 30 hours a week at a rate of $3.90 an hour. She was not guaranteed a minimum number of hours of work. According to wife's income and expense statement, her month-

---

1. We asked the parties at oral argument to examine the record and inform us of the value of the property awarded to wife. According to what they submitted, wife received property worth $13,500.00 against which $35,680.00 was owed for a negative value of $22,180.00.

2. Husband's monthly expenses might be overstated because he appeared to have listed some of his installment loan payments twice.

ly expenses were $1,453.97, exclusive of specified expenses for the daughter.

The separation agreement was entered into evidence without objection from husband; however, he testified he had signed it "out of love for her." He said wife told him she needed the money to live in Texas "while she was thinking over the problems." He said he believed "she was going to get her problems solved and come back."

Wife offered into evidence a letter from husband that she summarized as saying "I could have my divorce with the agreements that we had made in the separation agreement." Husband said it was an agreement that "I would not fight her on a divorce if she held to her promise that she was going to take time after this and actually give our marriage a chance to work out." He said that because she had not come back, he did not feel she should receive maintenance from him. Nevertheless, husband did testify that wife had been a good spouse and he did not accuse her of any misconduct.

Upon review of a court-tried case, we will affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

There is no challenge to the portions of the decree that dissolved the marriage, awarded custody of the daughter to wife, and ordered husband to pay child support. Those portions of the decree are affirmed. But the portions of the court's order concerning distribution of the marital property and the award of maintenance are reversed and remanded for the following reasons.

■ The only evidence in the record concerning a pension comes from the parties' agreement "to divide [it] equally"; there is no evidence about its actual existence or its value. Because of the lack of evidence about the pension, we are unable to review the trial court's division of it.

■ The limitation of maintenance to 36 months and the reduction to $250.00 a month from the agreed-upon $475.00 a month are not supported by the record.

The facts before us are similar to those of *Hefti v. Hefti*, 682 S.W.2d 65 (Mo.App. 1984). In *Hefti*, we vacated the trial court's decree that would have terminated the wife's maintenance on June 17, 1987. We noted that the wife worked part-time earning $3.50 per hour, and stated that "[h]er employment was consistent with the menial type employment for which she was qualified and which she had held over the years ... Nothing in the record justifies a finding that [she] would be able to secure better employment". *Id.* at 67. Here, the evidence is insufficient to show that wife would be able to obtain better employment in the future; therefore, the order awarding maintenance of $250.00 a month for only 36 months cannot stand.

■ If the maintenance award were the only error, we could make the proper order without remand. *See Misdary v. Misdary*, 737 S.W.2d 476, 480 (Mo.App.1987). However, because the amount of maintenance and the distribution of the marital property are interdependent, the amount of maintenance must be redetermined on remand.

■ We recently adopted a procedure to be followed by a trial court when it rejects a separation agreement as "unconscionable" pursuant to § 452.325.3, RSMo 1986. *See Linnenburger v. Linnenburger*, 741 S.W.2d 872 (Mo.App.E.D.1987).

In *Linnenburger*, the trial court, after hearing testimony on the wife's petition for dissolution, found the marriage to be irretrievably broken and ordered it dissolved. The court awarded custody of the parties' two children in accordance with the separation agreement but, because it found the separation agreement to be unconscionable regarding maintenance and support, it requested the parties to submit financial statements and briefs and took the matter under advisement. After considering financial statements and income tax returns, the court awarded the wife maintenance for five years although she had waived maintenance in the agreement and at the hearing, and it awarded child support in an amount greater than called for in the agreement.

In reversing the trial court's order and remanding for additional proceedings, we stated,

A separation agreement is an integrated whole; each provision may well bear on others. The separation agreement is an amicable settlement of the rights and duties of the parties. When the trial court finds certain portions of the agreement to be unconscionable, the proper procedure is to follow the statute—either request the parties to submit a revised agreement for approval, or after an evidentiary hearing, make such orders for the disposition of property, support and maintenance in accordance with the provisions of §§ 452.330, 452.335 and 452.-340. This is what the statute contemplates and is in accord with the philosophy of the Dissolution Act. Otherwise there may be great imbalances in the various provisions of the agreement and the agreement may not be in accord with what the parties intended.

*Linnenburger*, at 878.

We realize that at the time of trial in this case the court did not have the benefit of the *Linnenburger* opinion and that the facts there differ considerably from the facts before us. In this case the trial court heard considerable evidence about the income of the parties, their needs, and their conduct. However, the lack of evidence about wife's ability to obtain better employment when the maintenance award terminates, the lack of evidence about the pension, and evidence that wife's award of property saddled her with a debt of more than $20,000.00, requires a remand for further proceedings at which time the trial court should consider the applicability of *Linnenburger*.

Affirmed in part; reversed and remanded in part.

GARY M. GAERTNER, P.J., and CRIST, J., concur.