**Lorraine E. BAIRD, Appellant,**

v.

**Patrick C. BAIRD, Respondent.**

**No. WD40821.**

Missouri Court of Appeals,
Western District.

Nov. 15, 1988.

Leonard K. Breon, Breon & Leffler, Warrensburg, for appellant.

Robert L. Cox, Poague, Wall, Eshelman & Cox, Clinton, for respondent.

Before LOWENSTEIN, J.P., and TURNAGE and COVINGTON, JJ.

COVINGTON, Judge.

Lorraine E. Baird appeals from an order of the trial court's amendment of a decree of dissolution of marriage through which Patrick C. Baird was authorized to claim two of the parties' three minor children as dependents for income tax purposes. The judgment amending the decree of dissolution is reversed and remanded.

On May 12, 1988, the trial court entered a decree of dissolution of marriage. Prior to the hearing on that date, the parties entered into a written separation agreement which, among other provisions, divided the marital property, awarded custody of the three minor children born of the marriage to Mrs. Baird, subject to Mr. Baird's reasonable rights to visitation, and awarded Mrs. Baird support for the three minor children in the cumulative amount of $800 a month. In its decree, the court approved the agreement and found it not to be unconscionable.

On May 26, 1988, Mr. Baird filed a "Motion to Set Aside the Decree and to Amend or Modify Decree" in which he alleged that the parties had mistakenly failed to provide in the agreement for the dependency exemption for federal and state income tax purposes. He requested a hearing on the issue.

Mrs. Baird filed verified suggestions in opposition to Mr. Baird's motion in which she disputed Mr. Baird's allegation of mistake and claimed that she believed she would be entitled to claim the minor children as dependents.

On June 2, 1988, the court set a hearing on Mr. Baird's motion for June 29, 1988. On June 30, 1988, the court conducted a hearing. The record on appeal does not contain the court's order, nor does it contain income and expense statements of the parties; a transcript of the hearing has not been filed. Both parties agree, however, that the court entered an amended decree and ordered that Mr. Baird be permitted to claim the youngest and eldest children as dependents and that Mrs. Baird execute documents to effect the order.

The 1984 amendment to 26 U.S.C. § 152(e) substantially revised the support test provisions for purposes of the dependency exemption. Subsection 1 declares the general rule that where a child received over one-half of his calendar year support from parents who were divorced or legally separated under a decree or divorce or separate maintenance, or were separated under a written separation agreement, and the child was in the custody of one or both parents for more than one-half of the calendar year, the child would be treated as receiving over half of his support from the parent having custody for a greater portion of the calendar year unless treated under special rule provisions as having received over half his support from the parent not having custody. 26 U.S.C. § 152(e)(2) provides an exception where the custodial parent releases the claim to the exemption by signing a written document. Thus, because Mrs. Baird was granted custody and Mr. Baird reasonable rights of visitation, Mrs. Baird would be entitled to claim the children as dependents under the terms of 26 U.S.C. § 152(e)(1) unless she executed a written release.

Section 452.325.1, RSMo 1986, authorizes the parties to a dissolution of marriage proceeding to enter into a separation agreement providing for the disposition of property, maintenance, support, and visitation of children. The terms of the agreement are binding on the court, except as related to the care and support of children, unless the court finds the agreement unconscionable. *In re Marriage of Wilfong,* 658 S.W.2d 45, 48 (Mo.App.1983). A separation agreement is an integrated whole; each provision may, and frequently does, bear on others. *In re Marriage of Linnenburger,* 741 S.W.2d 872, 878 (Mo.App. 1987).

The statutory factors set forth in § 452.340 which relate to support of children are separate and distinct from provisions which relate to property division and maintenance. The federal exemption, however, may directly affect the entire financial position of each party. "An award of the tax exemption to one party is nearly identical in nature to an order that the other party pay as child support a sum equal to the value of the exemption." *Niederkorn v. Niederkorn,* 616 S.W.2d 529, 533 (Mo.App.1981).

The agreement into which Mr. and Mrs. Baird entered recites that it is the parties' desire to dispose of all property rights and debts and to agree between themselves as to spousal maintenance and child custody, support and visitation. In paragraph 4 of the agreement, each party waived spousal maintenance. Mrs. Baird expressly waived maintenance contingent upon the court's award of the child support amount set forth in paragraph 5. In paragraph 5 the parties "jointly propose" that Mr. Baird be ordered to pay Mrs. Baird the "cumulative" sum of $800 per month child support for the parties' three children. Paragraph 5 then provides:

> This proposal, relating to the quantification of child support and the format of the solicited order, is an integral part of this entire expressly negotiated agreement; and the Court's acceptance of the same is a *condition precedent* to the efficacy of this contractual resolution of the parties' marital property and their waiver of decretal maintenance.

Under the terms of the agreement between Mr. and Mrs. Baird, which the court found to be not unconscionable, the provisions of the agreement relative to property division and maintenance were expressly conditioned upon the court's approval of the child support amount. It cannot be said that the award to Mr. Baird of the federal exemption with respect to two of the three children did not bear directly on the financial position of the parties and did not affect the amount of support for the children which Mrs. Baird would be contributing. Through the award of two of the dependency exemptions to Mr. Baird, the court, in effect, after approving the agreement, then went beyond the parties' agreement with respect to child support, and, thus, violated the terms of the expressly integrated agreement with respect to the waiver of maintenance by Mrs. Baird and the property and debt settlement to which both parties agreed. Consequently, the judgment must be reversed.

The judgment is reversed and remanded. Upon remand the trial court should make a finding as to the conscionability of the May 12, 1988, agreement. If the agreement is found not to be unconscionable, the trial court must vacate its amended decree and reinstate the decree of May 12, 1988. If the agreement is found to be unconscionable, then a new trial shall be ordered on all issues related to the dissolution proceeding, which, of course, does not preclude the parties' entering into a new agreement prior to the date of a new trial.

All concur.