**Suzanne M. SCHUMANN, Petitioner–Respondent,**

**v.**

**James A. SCHUMANN, Sr., Respondent–Appellant.**

**No. 58460.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 5, 1991.

**542**

David R. Swimmer, Clayton, for respondent-appellant.

Mary Ann Weems, Kieran J. Coyne, Clayton, for petitioner-respondent.

PUDLOWSKI, Presiding Judge.

The marriage of the parties was dissolved in 1987. Wife filed a motion to modify the decree and sought to extend the maintenance to be paid to her by husband beyond the time specified in the parties' separation agreement to an unlimited time. The motion court granted wife's motion, and husband appeals.

Suzanne M. Schumann (wife) filed for dissolution of marriage from James A. Schumann (husband), on October 11, 1985. The parties entered into a separation agreement on June 9, 1987. Paragraph 4 of the agreement pertaining to maintenance provided:

The parties hereto mutually agree and covenant that [husband] shall pay to [wife] the sum of $400.00 per month as and for maintenance for a period of thirty-six months.

On that same day, the dissolution of marriage was called for hearing. In regard to maintenance wife testified as follows:

Q: (By wife's attorney) Your husband has agreed to pay to you the sum of $400.00 per month as maintenance for a period of thirty-six months?

A: (By wife) Right.

Q: (By wife's Attorney) You understand that this is only for thirty-six months and at the end of that time, you will not receive any more money from him for maintenance?

A: (By wife) Right.

At the conclusion of the hearing, on June 9, 1987, both husband and wife signed the trial court's order which stated:. "Maintenance: $400.00 per month for a period of 36 months." The dissolution court also entered a decree of dissolution which incorporated the agreement. The decree specifically provided as to maintenance that:

Per Stipulation; that said [Wife] have and recover of said [Husband] ... the sum of $400 per month as and for maintenance for a period of 36 months; there is no liability to continue payments of maintenance after the death of the recipient and no liability to make substituted payments after the death of the recipient.

On April 19, 1989, wife filed a motion to modify praying the motion court to extend the maintenance to be paid by husband to wife for an unlimited time. On April 12, 1990, the motion court in its order held "that [husband] pay to [wife] the sum of four hundred dollars ($400.00) per month as and for maintenance. Said order as to maintenance is modifiable." The court's order further stated that § 452.353(3) (sic)[1] RSMo 1988 specifically governs the issue of modifiability of a maintenance order. The court observed that "the dissolution order did not state that the maintenance order was non-modifiable and under the clear mandate of § 452.353(3) (sic) RSMo 1988, the court can modify the maintenance order herein." The court concluded from the aforementioned testimony that "the wife's statements were mere statements of acknowledgment indicating her familiarity with and comprehension of the terms of the separation agreement. No clear and unequivocal waiver of maintenance can be found in either the wife's testimony or the decree."

 From this decree, the husband filed his appeal. Husband appeals this order and claims that the motion court erred in extending maintenance to wife because she waived maintenance beyond thirty-six months as provided in the separation and settlement agreement. Husband argues that because the parties assented to an agreement providing maintenance for thirty-six months and because wife expressly affirmed this agreement under oath wife is estopped from seeking extension of maintenance.

Section 452.335.3 RSMo 1988 was enacted and became effective subsequent to the dissolution decree. It provides: "The maintenance order shall state if it is modifiable or non modifiable. The court may order maintenance which includes a termination date. Unless the maintenance order which includes a termination date is nonmodifiable, the court may order the maintenance decreased, increased, terminated, extended, or otherwise modified based upon a

substantial and continuing change of circumstances which occurred prior to the termination date of the original order."

One of the purposes of the 1974 Dissolution of Marriage Act is that the spousal parties are authorized to stipulate, agree and contract inter esse. They may determine their rights and duties including maintenance, custody, support, and the disposition of marital property, according to their mutual agreement, so long as such stipulation or agreement is not unconscionable. *In re Marriage of Linnenburger*, 741 S.W.2d 872, 875 (Mo.App.1987). This philosophy is in accord with § 452.325 RSMo 1986, which provides in pertinent part:

1. To promote the amicable settlement of disputes between the parties to a marriage attendant upon their separation or the dissolution of their marriage, the parties may enter into a written separation agreement containing provisions for the maintenance of either of them, the disposition of any property owned by either of them, and the custody, support and visitation of their children.

2. In a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement, except terms providing for the custody, support, and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable.

3. If the court finds the separation agreement unconscionable, the court may request the parties to submit a revised separation agreement or the court may make orders for the disposition of property, support, and maintenance in accordance with the provisions of sections 452.330, 452.335 and 452.340.

 Section 452.325.1, RSMo 1978 authorizes the parties to a dissolution of marriage action to settle their disputes amicably by entering into a separation agree-

---

**1.** The trial court inadvertently referred to § 452.335.3 as 452.353(3) at p. 3 & 4 of its

Findings of Fact, Conclusions of Law and Order.

ment providing for maintenance, the disposition of property and custody, support and visitation of children. The terms of such an agreement, except as related to the care and support of children, are binding on the court unless the court finds the agreement unconscionable. If the court finds the separation agreement unconscionable, it may request the parties to make a new agreement or it may divide the property and award maintenance and child support under the statutory provisions relative to these subjects. *Stevens v. Stevens,* 625 S.W.2d 171 (Mo.App.1981); *In re Marriage of Wilfong,* 658 S.W.2d 45, 48 (Mo.App. 1983).

■ In the present case, under the terms of the agreement between husband and wife, which the dissolution court found not to be unconscionable, the court incorporated the agreement into the dissolution decree. When the separation agreement is incorporated into the dissolution decree, it is as enforceable as any judgment just as decretal alimony was formerly. *In re Marriage of Linnenburger,* 741 S.W.2d 872 at 876; *Bryson v. Bryson,* 624 S.W.2d 92, 95 (Mo.App.1981). A separation agreement between parties "promotes judicial efficiency without disparagement of equity or justice—and hence should be given effect at trial." *Samuels v. Samuels,* 713 S.W.2d 865, 871 (Mo.App.1986).

■ "A waiver of a claim to maintenance made in open court voluntarily and understandingly operates to the same end as the agreement enabled by § 452.325—it promotes judicial efficiency without any disparagement of equity or justice—and hence should be given effect at a trial." *Samuels v. Samuels,* 713 S.W.2d 865, 871 (Mo. App.1986). A waiver of maintenance under such an agreement binds the court. *In re Marriage of Wilfong,* 658 S.W.2d 45, 48 (Mo.App.1983). A claim to maintenance may be waived by simple acknowledgment at the trial that the spouse sought no such award and understood that the waiver precluded subsequent request. *In re Marriage of Noeltner,* 569 S.W.2d 8 (Mo.App. 1978).

Pursuant to the separation agreement, both parties agreed to the award of mainte-

nance. Both wife and husband signed the agreement. In addition, the maintenance paragraph was interlined and both parties initialed the interlineation. Such action would signify that the parties acknowledged and were aware of the change that occurred from the original terms pertaining to maintenance and that they both understood the alteration. As the record demonstrates, the husband was to pay to wife the sum of $400 per month as and for maintenance for a period of 36 months. At the dissolution hearing, wife testified that she understood that maintenance would only be for 36 months and that at the end of that time she would not receive any more money from husband for maintenance. Nothing could be more patent. The separation agreement included neither (1) any provision that maintenance could be extended beyond the 36 month period, nor (2) any language that either party anticipated extending maintenance beyond this period. The dissolution court not only did not find the agreement unconscionable but incorporated the agreement into its order.

We recognize now that under the prevailing statute such an order will require an averment as to its modifiability or non modifiability but this was not the state of affairs on June 9, 1987.

The judgment is reversed and all costs are assessed against the appellant.

KAROHL and GRIMM, JJ., concur.