**Walter E. DIMMITT, Petitioner–Appellant,**

v.

**Ruby Kay DIMMITT, Respondent–Respondent.**

**No. 18106.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 18, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 11, 1993.

Application to Transfer Denied
April 20, 1993.

---

Mark E. Gardner, Hall, Ansley, Carmichael & Gardner, Springfield, for petitioner-appellant.

Craig R. Oliver, Daniel R. Wichmer, Miller & Sanford, P.C., Springfield, for respondent-respondent.

PREWITT, Judge.

The marriage of the parties was dissolved on March 1, 1990. Appellant filed a motion for modification and following a hearing the dissolution decree was modified on April 8, 1992. Appellant contends the trial court erred in modifications regarding child support and maintenance and in awarding attorney's fees to respondent.

■ Review is under Rule 73.01(c). As that rule is interpreted, this court is to affirm the trial court's determination unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo.App.1990).

Due regard is given by this court to the trial court's determination of the credibility of witnesses. Rule 73.01(c)(2); *Looney v. Estate of Eshleman*, 783 S.W.2d 164, 165 (Mo.App.1990). The trial judge is in a better position than this court to determine the credibility of the parties and witnesses, their sincerity, character and other trial intangibles which may not be shown by the record. *In re Marriage of Chilton*, 576 S.W.2d 584, 585 (Mo.App.1979). *See also Moseley v. Moseley*, 795 S.W.2d 464, 465 (Mo.App.1990).

Appellant filed with his exhibits a document marked "Petitioner's Exhibit 15–A". It purports to be findings of fact and conclusions of law rendered in appellant's bankruptcy proceedings by the United States Bankruptcy Court for the Western District of Missouri. Respondent objects to the inclusion of "Exhibit 15–A", stating that an "Exhibit 15", not "Exhibit 15–A", was admitted in the trial court. Apparently a recording malfunction occurred during the time "Exhibit 15" or "Exhibit 15–A"

was discussed and admitted, thus the trial transcript is of no benefit. Respondent's objection states that she does not know what Exhibit 15 was. The record indicates, although it is not altogether clear, that the document marked "Petitioner's Exhibit 15–A" was admitted and before the trial court. Therefore, respondent's objection is denied.

■ Appellant's first point states that the trial court erred in determining the amount of child support due under Rule 88.01 and Civil Procedure Form No. 14. Appellant asserts that the trial court improperly imputed to appellant all of his current spouse's income "as well as income beyond his spouse's income ... and in addition imputed to the appellant income in excess of both his and his spouse's actual income." The dissolution decree entered March 1, 1990, followed the parties' "Separation Agreement" and set child support at $666.67 per child per month. Three children were born to the marriage. In modifying the child support, the trial court reduced the amount to $406.75 per month per child as calculated by Form No. 14.

Appellant contends his income has declined drastically since the dissolution proceedings. He argues the income figure used by the trial court in assessing child support was overly inflated. Appellant is a periodontist. He practices for a corporation owned solely by him, named Walter E. Dimmitt, D.D.S., P.C.[1] His income for the calendar year preceding the dissolution decree was $147,000. He contended at the hearing on the motions to modify that his income for 1992 would be just $34,200. His present wife works as the office manager of the corporation, receiving a salary of $33,000.

■ "Past, present, and anticipated earning capacity may be properly considered in determining the ability of a husband to pay maintenance or a noncustodial parent to pay child support." *Goodwin v. Goodwin*, 746 S.W.2d 124, 126 (Mo.App.1988).

■ In figuring Form No. 14, the trial court used $75,000 as the amount of appel-

---

1. Sometimes referred to in the record as Walter E. Dimmitt, D.D.S., Inc.

lant's income. The record does not support appellant's contention that the trial judge imputed to appellant all of his current spouse's income. The trial court merely determined that because appellant's wife contributed to the household living expenses, her income "will be considered by the Court".

Section 452.370.1, RSMo Supp.1991, states that in a proceeding for modification of a child support award the court "shall consider all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse". The record reveals that the trial court properly considered appellant's wife's income as provided in § 452.370.1, but does not reflect that it "imputed to appellant 100% of his current spouse's income".

■ The record also does not support appellant's contention that the trial court erred in determining that appellant's income was in excess of that stated by appellant. The trial court rejected appellant's testimony as to his "current annual earnings". There was testimony that he had submitted information to a financial institution that he had "gross" salary or wages of $10,000 a month as of September 10, 1991. A trial court may impute income to a party for purposes of figuring child support in various situations. *See AlSadi v. AlSadi,* 823 S.W.2d 123, 126 (Mo.App.1992).

■ As the moving party, appellant had the burden of convincing the trial court. Deferring as we must to the trial court's superior position to determine credibility and on our limited review, no error has been established as contended in Point I. That point is denied.

■ For his second point appellant asserts the trial court erred in not retroactively modifying child support to the date of his motion. The effective date of a modification of child support is within the trial court's sound discretion. *Stitt v. Stitt,* 617 S.W.2d 645, 648 (Mo.App.1981). *See also Beeler v. Beeler,* 820 S.W.2d 657, 662 (Mo.App.1991); *Meadows v. Meadows,* 686 S.W.2d 558, 561 (Mo.App.1985). In

view of the questionable nature of appellant's testimony concerning his income, as expressly found by the trial court, no abuse of discretion is shown. Point II is denied.

■ Appellant asserts in his third point that the trial court erred in not terminating maintenance retroactive to the date of his motion, and in only reducing it from $1,500 per month to $1,000 per month. The original decree provided that maintenance would terminate on March 1, 1993. The trial court reduced the amount, but extended the maintenance to March 1, 1998.

Respondent is now employed and earns approximately $25,000 annually. She has, however, expenses apparently not contemplated in the original decree. Since appellant's discharge in bankruptcy, respondent has become solely responsible for $57,788 in debts which the decree provided appellant was to pay. Respondent's financial situation has also changed as a result of the reduction in child support.

It has been stated that both state and federal courts have uniformly determined that the effect of one spouse having gone through bankruptcy may be considered in determining whether the other party's circumstances have changed sufficiently to justify modification of maintenance. See *Siragusa v. Siragusa,* 843 P.2d 807 (Nev. 1992). As such, the trial court properly considered the effect of appellant's bankruptcy in making its determination.

The date that modification of maintenance occurs is within the sound discretion of the trial court. *Beeler,* 820 S.W.2d at 663. As with the modification of child support, no abuse of discretion occurred here in not making the modification retroactive. Nor under these circumstances did the court err in not terminating maintenance, or in the amount of the reduction. Point III is denied.

■ For Point IV, appellant asserts that the trial court erred in extending the period of maintenance because "the term during which said maintenance is to be paid may not be modified or extended unless modification is specifically reserved in the decree of dissolution." As authority for

this point appellant cites §§ "452.335, RSMo. (1988) and 452.370 RSMo. (1990)" and *Schumann v. Schumann,* 812 S.W.2d 541 (Mo.App.1991).

Section 452.335.3, RSMo Supp.1988, provides in part that "[u]nless the maintenance order which includes a termination date is nonmodifiable, the court may order the maintenance decreased, increased, terminated, extended, or otherwise modified". *Schumann* was based upon a dissolution decree entered before the enactment of that statute.

The decree and separation agreement were silent on modification of maintenance. There was no statement that it was "nonmodifiable". Thus, the trial court had authority to extend its term. Point IV is denied.

■ Appellant asserts in his remaining point that the trial court abused its discretion in awarding attorney's fees to respondent. Appellant contends that the award of attorney's fees was not supported by the evidence "in that the appellant's ability to pay attorney's fees was not demonstrated to be greater than the respondent's and there was no evidence showing unusual circumstances warranting the award".

Appellant cites language in a case from this district stating that attorney fees are only allowed in "very unusual circumstances". *In re Marriage of Hoglen,* 682 S.W.2d 179, 182 (Mo.App.1984). This decision was cited and followed in *Lyles v. Lyles,* 710 S.W.2d 440, 444 (Mo.App.1986).

The relevant statute contains no requirement of unusual circumstances. Section 452.355.1, RSMo Supp.1991, states in part: "The court from time to time after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under sections 452.300 to 452.415 and for attorney's fees...."

The trial court properly considered the financial resources of the parties which reflected that appellant has the ability to earn considerably more than respondent.

The trial court is vested with broad discretion in ordering payment of attorney fees and such an award is reviewable only for an abuse of discretion. *Bushhammer v. Bushhammer,* 816 S.W.2d 271, 275 (Mo. App.1991). See also *Beeler,* 820 S.W.2d at 663. Under these circumstances there was no abuse of discretion in awarding attorney's fees.

The judgment is affirmed.

FLANIGAN and GARRISON, JJ., concur.